**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAN 0 4 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RUSSELL S. BECKER,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

Defendant.

)
)
)
)
)
)
)
)
)
)

**JUDGE GOTTSCHALL**

No. **06C 0026**

TRIAL BY JURY DEMANDED

**MAGISTRATE JUDGE NOLAN**

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, RUSSELL S. BECKER, by and through his attorneys, RICHARD A. HAYDU and HOEY & FARINA, and for his Complaint against the Defendant, UNION PACIFIC RAILROAD COMPANY, states as follows:

1.      This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.*

2.      Jurisdiction of this Court is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

3.      At all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY, was and is a railroad corporation doing business in the State of Illinois.

4.      On December 16, 2004, and at all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY, owned and operated in interstate commerce a railroad which carried passengers and freight.

5.      On December 16, 2004, and at all pertinent times, Plaintiff was employed by the Defendant as a conductor.

6.     On December 16, 2004, and at all pertinent times, Defendant, UNION PACIFIC RAILROAD COMPANY, managed, maintained, used as a portion of its railroad systems and had its employees use tracks at or near the Rochelle Cold Storage facility located in the City of Rochelle, County of Ogle, State of Illinois.

7.     At all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

8.     In the course of his duties as a conductor at that time, Plaintiff was required to and did walk on and about tracks and ballast.

9.     At that date and time, Plaintiff tripped, slipped and fell on ballast.

10.     It was the continuing duty of the Defendant, as employer, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe tools and equipment, even if employees are required to go onto property owned or managed by others.

11.     In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

        a.     Failed to adopt, install, implement and enforce a safe method and procedure for the periodic inspection of ballast;

        b.     Failed to adopt, install, implement and enforce a safe method and procedure for maintenance and upkeep of ballast;

        c.     Failed to properly inspect and maintain the ballast used by its employees so that the same became hazardous for safe use by its employees;

        d.     Failed to properly inspect, maintain and repair the ballast area described;

2

e.  Failed to require others to properly inspect, maintain and repair said ballast if said track and property was owned and/or maintained by other entities;

f.  Failed to provide sufficient lighting to so employees could see ballast hazards; and

g.  Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

12.  Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

13.  As a consequence, Plaintiff, RUSSELL S. BECKER, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff, RUSSELL S. BECKER, demands judgment in his favor and against Defendant, UNION PACIFIC RAILROAD COMPANY, in a sum in excess of $1,500,000.00, plus the costs of this suit.

Respectfully submitted,

_____
Attorney for Plaintiff

Richard A. Haydu
HOEY & FARINA
542 S. Dearborn Street
Suite 200
Chicago, IL 60605
(312) 939-1212

3